**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KENNETH MCCREARY,

    Petitioner,        Civil Action No. 15-1634
                  Judge David Stewart Cercone/
      v.         Chief Magistrate Judge Maureen P. Kelly

JOHN DOE and COMMONWEALTH OF
PENNSYLVANIA BOARD OF
PROBATION & PAROLE,

    Respondents.

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that two of the claims contained in the Petition under 28

U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No.

1, be dismissed pre-service and that a certificate of appealability be denied.

## II. REPORT

Kenneth McCreary ("Petitioner"), currently a state prisoner, has filed this Petition,

complaining that his state sentence has been improperly extended by the Pennsylvania Board of

Probation and Parole (the "Board") on February 14, 2013, and that the Board improperly denied

him parole on June 9, 2014 and also on June 11, 2015. Because Petitioner has failed to comply

with the applicable one year statute of limitations, his Petition should be dismissed with respect

to the sentence recalculation claim and the first parole denial on June 9, 2014. These two claims

should be dismissed pre-service pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

In addition, the sentence recalculation claim should also be dismissed because Petitioner

procedurally defaulted this claim by failing to file an appeal to the Commonwealth Court.

## A. Relevant Facts and Procedural History

Petitioner, proceeding pro se, filed the instant habeas Petition, ECF No. 1, pursuant to 28

U.S.C. § 2254, seeking to challenge: 1) the recalculation of his sentence by the Board on

February 14, 2013, which added time to Petitioner's maximum expiration date of his sentence,

changing it from August 26, 2019 to February 11, 2022 due to him being a convicted parole

violator,[1] and 2) the denial of parole apparently on June 9, 2014 and June 11, 2015.

## B. Rule 4 Pre-Service Dismissals

Notwithstanding the fact that Respondents have not been formally served with process

yet, pursuant to Rule 4 of the Rules Governing Section 2254 cases ("Rule 4"), this Court may

dismiss some or all of the Petition if it plainly appears on its face that the Petitioner is not

entitled to habeas relief. Rule 4 provides in relevant part that:

> The clerk must promptly forward the [habeas] petition to a judge under the court's
> assignment procedure, and the judge must promptly examine it. If it plainly
> appears from the petition and any attached exhibits that the petitioner is not
> entitled to relief in the district court, the judge must dismiss the petition and direct
> the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 state that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show
> cause issued, "unless it appears from the application that the applicant or person
> detained is not entitled thereto." Such consideration may properly encompass any
> exhibits attached to the petition, including, but not limited to, transcripts,
> sentencing records, and copies of state court opinions. The judge may order any
> of these items for his consideration if they are not yet included with the petition.

---

[1] For parolees who violate their parole by being convicted of a crime which was committed by
the parolee while on parole, the parolee is considered a "convicted parole violator" and any time
spent at liberty on parole prior to the second conviction is added back to his original sentence
and he may be required to serve that amount of time in prison as "backtime." Strait v.
Pennsylvania Bd. of Prob. & Parole, No. 580 C.D. 2015, 2015 WL 6468544, at *4 (Pa. Cmwlth.
Ct. Oct. 27, 2015) ("[c]onsequently when a parolee is recommitted due to criminal conviction,
his maximum sentence date may be extended to account for all street-time, regardless of good or
delinquent standing.").

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records, dockets and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002) (in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case.").

The court may raise the statute of limitations bar sua sponte pursuant to Rule 4 if a petition shows on its face that it is time-barred. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005), cert. denied, 547 U.S. 1123 (2006). In the case at issue, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Petitioner's claims with respect to the sentence recalculation on February 14, 2013 and the first parole denial on June 9, 2014, should be dismissed pre-service because the Petition shows on its face that Petitioner failed to file this Petition, as to these two claims, within the applicable one year statute of limitations.[2]

---

[2] To the extent that Petitioner is entitled to notice and an opportunity to respond to the statute of limitations bar as well as the procedural default bar, the report and recommendation procedure with its opportunity to file objections provides such notice and opportunity to be heard. See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, at *1 (6th Cir. 1998)(same); United States v. Willis, 273 F.3d 592, 597 n.6 (5th Cir. 2001)("We note here that these two concerns [of notice and an opportunity to be heard] were satisfied due to the fact that the magistrate raised the issue and Willis then had an opportunity to argue against the magistrate's findings to the district court.").

### C.  Discussion

#### 1.  The AEDPA's statute of limitations bars two of Petitioner's claims.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA") which amended the standards for obtaining federal habeas relief was effective April 24, 1996.  Because Petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Generally, the AEDPA requires that prisoners, who are challenging their state sentences, file their federal habeas petition within one year of any of four enumerated events:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The AEDPA's statute of limitations applies to prisoners who challenge parole determinations and sentence recalculations in a habeas petition filed in federal courts.  See McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007) ("Though the AEDPA does not define 'factual predicate,' we have held that '[s]ection 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if *vital facts* could not have been known.' *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004), *cert. denied*, 544 U.S. 1037, 125 S.Ct. 2261, 161

L.Ed.2d 1067 (2005) (internal quotation marks omitted) (emphasis added). Therefore, under *Schlueter*, the 'factual predicate' of a petitioner's claims constitutes the 'vital facts' underlying those claims. In this case, there is no doubt that the 'vital facts' underlying McAleese's claims are the denial of his parole application[.]"); Hollawell v. Gillis, 65 F. App'x. 809 (3d Cir. 2003); Garrison v. Wilson, No. 06-cv-3566, 2007 WL 2318156, at *4 (E.D. Pa. Aug.10, 2007) ("The one (1) year limitations period found in § 2244(d)(1) applies to any challenge by a prisoner to the denial of parole and to the calculation of his sentence.").

Having determined that the AEDPA one year statute of limitations applies, we turn to the question of whether any of Petitioner's claims were time-barred. Pursuant to McAleese, it is apparent that the factual predicate of two of Petitioners claims occurred more than one year prior to the filing of the Petition. As such, these two claims are barred by the statute of limitations.

### a. The sentence recalculation claim is time-barred.

In the Petition, the Petitioner alleges that the Board improperly extended his state sentence, adding time to the maximum expiration date of his sentence. The Board recalculated his sentence's maximum expiration date on February 14, 2013, and Petitioner was informed of such shortly thereafter. ECF No. 1-3 at 5. As a result, Petitioner had one year from February 14, 2013 or shortly thereafter based on the receipt by Petitioner of the Board's mailed order, in which to file his Petition. Pursuant to the prisoner mail box rule, Petitioner did not file the instant habeas Petition in this Court until, at the earliest December 3, 2015, the date on which he signed the Petition. This filing date is more than two years after the sentence recalculation occurred and over one year after the statute of limitations ran. Accordingly, the Petition is clearly untimely filed with respect to the sentence recalculation claim. See, e.g., Garrison v. Wilson, 2007 WL 2318156, at *4 - *5 ("Petitioner became aware that the Board had revoked his

parole and recalculated his maximum sentence through the Board's decision dated July 15, 2003, which was mailed to him on that date. Petitioner had thirty (30) days from that time to appeal the Board's decision. See 37 Pa.Code § 73.1(b)(1). Petitioner timely petitioned for administrative review, which the Board denied on November 7, 2003. Petitioner did not appeal. Consequently, the one (1) year statute of limitations began to run on November 7, 2003, and Petitioner had until November 7, 2004, to file the instant petition in a timely manner. Petitioner submitted the instant motion for filing on August 2, 2006, over one (1) year after the limitation period expired on November 7, 2004.")(footnotes omitted).[3]  Accordingly, Petitioner's sentence recalculation claim is barred by the one year statute of limitations.

### b. The first denial of parole claim is time-barred.

Petitioner also asserts that his denial of parole by the Board on June 9, 2014 violated his constitutional rights. He was informed of the denial by the Board shortly thereafter. Accordingly, the factual predicate of this claim occurred on or shortly after June 9, 2014.

_____

[3] We take judicial notice of the dockets of the Commonwealth Court in the case of <u>Kenneth McCreary v. Pa. Bd. Of Probation and Parole,</u> No. 418 MD 2015 (Cmwlth. Ct.). The docket is available at:

   https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=418+MD+2015

(site last visited 2/23/2016). We also take judicial notice of the Petition for Review that Petitioner filed in that Court on August 26, 2015, which was dismissed by the Commonwealth Court in a per curiam order because the Petition for Review was filed in the Commonwealth Court's original jurisdiction as in the nature of a writ of mandamus, but the Commonwealth Court dismissed it, noting that Petitioner cannot use a Petition for Review in the Commonwealth Court's original jurisdiction to revive lapsed appeal rights. In other words, because Petitioner failed to appeal to the Commonwealth Court from the Board's recalculation of the maximum sentence 30 days after the Board issued any administrative decision affirming the recalculation, Petitioner cannot substitute a Petition for Mandamus in the Commonwealth Court's original jurisdiction due to his failure to file an appeal to the Commonwealth Court within the time required by state law from the Board's recalculation of the sentence. The Commonwealth Court order dismissing Petitioner's Petition for Review and the Petitioner's Petition for Review are attached as appendices to this Report and Recommendation.

However, Petitioner did not file the instant Petition until at the earliest December 3, 2015, more than one year later, well after the statute of limitations had run. Accordingly, this claim with respect to the first parole denial is time-barred.

Hence, the only remaining claim is Petitioner's claim that the Board's denial of parole on June 11, 2015 denied him his constitutional rights.

### 2. Petitioner procedurally defaulted his sentence recalculation claim.

In addition to being time-barred, the Court notes that Petitioner has procedurally defaulted his sentence recalculation claim. As explained in the Footnote 3 *supra*, Petitioner failed to file a timely appeal to the Commonwealth Court from the Board's recalculation order. What the court stated in <u>Hutchison v. Pa. Bd. Of Probation and Parole</u>, applies equally here:

> First, with regard to Petitioner's sentence calculation claim, it is evident that Petitioner has not exhausted this claim and he has procedurally defaulted on it. Petitioner did not attempt to challenge his sentence calculation (that occurred as result of his recommitment on a parole violation) until he filed a mandamus action against the Board of Probation and Parole and the Department of Corrections on February 21, 2007. In this action, Petitioner challenged his recommitment as a parole violation [sic] and the sentence calculations that resulted. However, this action was filed in the Commonwealth Court's original jurisdiction, and that court lacks original jurisdiction over challenges to the Board of Probation and Parole's revocation or recalculation decisions. Claims of that sort must be filed in the Commonwealth Court's appellate jurisdiction. Thus, on May 1, 2007, the mandamus action was dismissed. Thus, it is evident that Petitioner simply has not exhausted his state remedies with respect to his sentence calculation claim. Petitioner has also procedurally defaulted on this claim. Plaintiff had full opportunity to appeal his parole revocation and recommitment and the subsequent re-calculation of his sentence maximum, however he did not do so. Further, Petitioner has not shown any cause to excuse his default.

<u>Hutchinson v. Pennsylvania Bd. of Prob. & Parole</u>, No. 4:09-CV-2543, 2010 WL 3025122, at *2 (M.D. Pa. July 29, 2010), <u>aff'd,</u> 457 F. App'x 101 (3d Cir. 2011) (footnotes omitted).

Accordingly, Petitioner's sentence recalculation claim is procedurally defaulted for his failure to appeal to the Commonwealth Court in a timely fashion from the Board's recalculation of his sentence.

### D. Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Walker, 230 F.3d at 90. The test is conjunctive and both prongs must be met. See id. Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable whether dismissal of the two claims in the Petition based upon the claims being time barred was correct. Accordingly, a certificate of appealability should be denied

## III. CONCLUSION

For the reasons set forth herein, it is recommended that the sentence recalculation claim and the claim relative to the June 9, 2014 denial of parole be dismissed as time-barred. A certificate of appealability should also be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date:  March 4, 2016            s/Maureen P. Kelly
                               MAUREEN P. KELLY
                               CHIEF UNITED STATES MAGISTRATE JUDGE


cc:    The Honorable David Stewart Cercone
       United States District Judge

       KENNETH MCCREARY
       HH-0428
       175 Progress Drive
       Waynesburg, PA 15370