IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH MCCREARY,

    Petitioner,

v.

JOHN DOE and COMMONWEALTH OF
PENNSYLVANIA BOARD OF
PROBATION & PAROLE,

    Respondents.

2:15cv1634
Electronic Mail

Judge David Stewart Cercone /
Chief Magistrate Judge Maureen P. Kelly

## ORDER

Kenneth McCreary, ("Petitioner"), a state prisoner, proceeding pro se, has filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging two denials of parole and the re-computation of his maximum sentence expiration date.

The case was referred to Chief Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Kelly's Report and Recommendation, ECF No. 3, filed on March 4, 2016, recommended that two of the claims contained in the Petition be denied pre-service pursuant to Rule 4 because the Petition is untimely with respect to Petitioner's claim that his sentence re-computation violated his rights and with respect to the first denial of parole. The Report also found, in the alternative, that the sentence re-computation claim was procedurally defaulted. Petitioner was informed that he could file Objections to the Report. Petitioner filed Objections on April 1, 2016. ECF No. 5.

Nothing in Petitioner's Objections merits rejection of the Report or any extended comment as the Report is clearly correct. Nothing in the Objections refutes the fact that his sentence re-computation claim or his first denial of parole claim are time barred, or that his

sentence re-computation claim is procedurally defaulted. The Objections simply do not address these issues and as such, are non-responsive to the Report.

In his Objections, Petitioner claims that the Board lacked authority to change his sentence's maximum expiration date by re-computing that date. However, even if this is so, the recalculation occurred more than one year prior to the filing of this Petition and hence, his challenge thereto is clearly time-barred. Alternatively, even if the claim is not time-barred it is procedurally defaulted as the Report correctly notes.

As to Petitioner's claims concerning the first denial of his parole, any and all such claims are clearly time barred, it too is clearly time barred as the denial occurred on June 9, 2014 and this Petition was not filed until at the earliest, December 3, 2015. In the alternative, the claim with respect to the first denial of parole is rendered moot by the Board's denial of parole for the second time. Alex v. Gavin, No. 1:CV-14-0261, 2015 WL 8012825, at *3 (M.D. Pa. Dec. 7, 2015) ("Here, Alex's § 2254 petition was filed prior to his March 20, 2015 parole hearing. Therefore, his challenge to the Board's denial of parole prior to its most recent decision is moot. As noted, the only relief we can grant would be a new parole hearing and since Alex admits he received a new hearing (albeit an unsatisfactory one) since the filing of his habeas petition, his challenge to the denials of parole before the March 2015 decision is now moot.").

AND NOW, this 14th day of April, 2016, after de novo review of the record in this case including the Report and Petitioner's Objections;

IT IS HEREBY ORDERED that the two claims contained in the Petition for Writ of Habeas Corpus, concerning the Board's re-computation of his maximum sentence and concerning the first denial of parole are DISMISSED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 3, of Chief Magistrate Judge Kelly, dated March 4, 2016, is adopted as the opinion of the Court as supplemented by this Memorandum Order.

*[signature]*

David Stewart Cercone
United States District Judge

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

Kenneth Mccreary
HH-0428
175 Progress Drive
Waynesburg, PA 15370
(*Via First Class Mail*)

John C. Manning, Esquire
(*Via CM/ECF Electronic Mail*)