IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH MCCREARY,

    Petitioner,

v.

JOHN DOE and COMMONWEALTH OF
PENNSYLVANIA BOARD OF
PROBATION & PAROLE,

    Respondents.

Civil Action No. 15-1634
Judge David Stewart Cercone/
Chief Magistrate Judge Maureen P. Kelly

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the sole remaining claim in the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 1, be dismissed as moot.

### II. REPORT

**A. The Sole Remaining Claim is Moot.**

Kenneth McCreary ("Petitioner"), currently a state prisoner, has filed this Petition, complaining that his state sentence has been improperly extended by the Pennsylvania Board of Probation and Parole (the "Board") on February 14, 2013, and that the Board improperly denied him parole on June 9, 2014 and also on June 11, 2015. The undersigned previously issued a Report and Recommendation, recommending that all but one of Petitioner's claims be dismissed pre-service. ECF No. 3. Over Petitioner's Objections, the Honorable David S. Cercone, adopted the Report and Recommendation. ECF No. 6. Familiarity with the prior Report and Recommendation as well as the Memorandum Order adopting the Report is presumed. The sole remaining claim was Petitioner's claim that he was improperly denied parole on June 11, 2015.

In the Answer, Respondents pointed out that during the pendency of the Petition, the Board provided Petitioner yet another parole hearing on March 22, 2016, after which, the Board again denied Petitioner re-parole. ECF No. 9-1 at 18 – 19. Respondents contend that the provision of the new parole hearing during the pendency of this case, renders moot Petitioner's challenge to the Board's decision made on June 11, 2015 to deny Petitioner re-parole.

Respondents are correct. See, e.g., Alex v. Gavin, No. 1:CV-14-0261, 2015 WL 8012825, at *3 (M.D. Pa. Dec. 7, 2015) ("Here, Alex's § 2254 petition was filed prior to his March 20, 2015 parole hearing. Therefore, his challenge to the Board's denial of parole prior to its most recent decision is moot. As noted, the only relief we can grant would be a new parole hearing and since Alex admits he received a new hearing (albeit an unsatisfactory one) since the filing of his habeas petition, his challenge to the denials of parole before the March 2015 decision is now moot."). See also Coles v. Folino, No. CIV.A. 12 - 238, 2014 WL 5685547, at *2 (W.D. Pa. Nov. 4, 2014) ("Generally, a challenge to an earlier parole decision is rendered moot by a subsequent parole decision.... Because the appropriate remedy in this case would be a new hearing before the Board, and because Petitioner has had a new hearing since the time he filed this petition, any claims challenging the denial of parole prior to May 27, 2011 are moot."); McCole v. Pa. Board of Probation and Parole, Civ. A. No. 04-261 Erie, 2006 WL 2792212, at *2 (W.D. Pa. Sept. 26, 2006) (finding that challenges to earlier parole denials were moot and thus limiting review to the most recent parole decision). Accordingly, the sole remaining claim challenging the parole denial of June 11, 2015 is moot and, therefore, the Petition should be dismissed.

B. **Certificate of Appealability**

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Walker, 230 F.3d at 90. The test is conjunctive and both prongs must be met. See id. Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable whether dismissal of Petitioner's challenge to the Board's June 11, 2015 denial of re-parole was rendered moot by the Board's subsequent denial of re-parole on March 22, 2016. Accordingly, a certificate of appealability should be denied

## III. CONCLUSION

For the reasons set forth herein, it is recommended that the sole remaining claim be dismissed as moot. A certificate of appealability should also be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                              Respectfully submitted,

Date: June 8, 2016                    s/Maureen P. Kelly
                                        MAUREEN P. KELLY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable David Stewart Cercone
        United States District Judge

        KENNETH MCCREARY
        HH-0428
        175 Progress Drive
        Waynesburg, PA 15370

        KENNETH MCCREARY[1]
        HH-0428
        5706 Glades Pike
        P.O. Box 631
        Somerset, PA 15501

        All counsel of record via CM-ECF

---

[1] We note that although Petitioner did not file a notice of change of address with the Court, it appears from the Pennsylvania Department of Corrections' Inmate Locator website that, during the pendency of this suit, Petitioner was transferred to SCI-Laurel Highlands. Accordingly, we are also sending a copy of this Report and Recommendation to SCI-Laurel Highlands. Petitioner should file a change of address with the Court.